**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**CARLOS RODRIGUEZ,**
*on behalf of himself and all other persons*
*similarly situated,*

        **Plaintiff,**       **MEMORANDUM**
                         **AND ORDER**

      **-against-**             **20-CV-3872 (MKB)**

**AMERI HOME ELECTRONICS INC., et al.,**

        **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

    By letter dated February 24, 2021 (DE #12), plaintiff's counsel informed the Court that the parties to this FLSA action had "recently reached an agreement in principle to resolve this matter and have begun the process of preparing settlement papers[.]" The Court thereupon directed the parties to file *Cheeks* submissions by March 26, 2021 (see 2/25/21 Order). On March 26, 2021, defense counsel sought a two-week extension of the deadline for *Cheeks* submissions, claiming that the parties "have finished drafting the settlement papers, but not all parties have executed the settlement documents" (DE #13). The Court granted the requested two-week extension, setting April 9 as the new deadline for filing *Cheeks* submissions (see 3/29/21 Order).

    The parties did not file their *Cheeks* request for judicial approval by or at any time since the extended deadline; instead, on April 9, the parties filed a Notice of Acceptance of a Rule 68 Offer of Judgment (DE #14); the Offer of Judgment had not even been served until March 26 (see DE #14-1), which happened to be the original deadline for the parties' *Cheeks* submissions and the date of defense counsel's letter to the Court representing that the

settlement papers had been drafted but were not yet fully executed.

Although the Second Circuit held in Yu v. Hasaki Restaurant, Inc., 944 F.3d 395, 398 (2d Cir. 2019), that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims[,]" the sequence of events reflected on the docket in this case makes clear that this was not in fact a Rule 68 resolution; rather, the parties negotiated a settlement and then sought to circumvent *Cheeks* by filing a document purporting to accept a Rule 68 offer of judgment. Negotiated settlements do not constitute "true" Rule 68 offers of judgment, and thus they require judicial approval. See Toar v. Sushi Nomado of Manhattan, Inc., 13-CV-1901 (VSB), 2017 U.S. Dist. LEXIS 55162, at *17-20 (S.D.N.Y. Mar. 16, 2017); Rodriguez-Hernandez v. K Bread & Co., 15-cv-6848 (KFB), 2017 U.S. Dist. LEXIS 137347, at *9-16 (S.D.N.Y. Jan. 10, 2017).

Accordingly, the parties will not be permitted to evade the requirements of *Cheeks*. Counsel are directed, on pain of sanctions, to file their overdue application for judicial approval of their negotiated settlement by April 19, 2021.

**SO ORDERED.**

**Dated:** Brooklyn, New York
April 15, 2021

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**